## WILL CORLEY *v.* STATE.

[56 South. 179.]

CRIMINAL LAW. *Rape. Force. Instructions.*

> On the trial of a defendant charged with an assault with intent to rape it was reversible error for the court to give to the state the following instruction:
>
> "The court charges the jury that in an assault with intent to commit rape, the force used may be only constructive; and the imposition of one hand upon the person of the female, though without intent to hurt, is in legal contemplation, the use of force, from which a criminal intent is presumed. Now if the jury believe from the evidence beyond a reasonable doubt that Will Corley imposed his hand on the person of Rebecca McDaniel, being a female of previous chaste character against her will, with intent to ravish her, and if the jury so believes beyond a reasonable doubt, then it is your duty to find the defendant guilty."

APPEAL from the circuit court of Smith county.

HON. W. H. HUGHES, Judge.

Will Corley was convicted of assault with intent to rape and appeals.

The facts are sufficiently stated in the opinion of the court.

*J. J. Stubbs* and *W. T. Simmons,* for appellant.

The third instruction for the state is vicious, and a reversible error. It tells the jury that the jury is authorized to presume the intent of the defendant, the very essence of the crime alleged, equivalent to saying that the jury is authorized to presume the guilt of the defendant, simply by the proof that the defendant imposed his hand upon the prosecutrix and that too, without intent to hurt, which from the very nature of things, could not be the law. This instruction also has the same vice, as the first instruction for the state, containing the following words: "Being a female of previous chaste character, against her will," which in plain and unmistakable language tells the jury that the prosecutrix is of previous chaste character, and that the defendant laid his hand on her against her will, hence, it assumes as true disputed facts of vital importance, in effect tells the jury that this necessary element of the crime alleged and which the state must prove, to the exclusion of every reasonable doubt, before a conviction is warranted, are true, that is to say, that the woman was of previous chaste character and the defendant imposed his hand upon her against her will, which assumption of the court, in this instruction, in all probability, worked a conviction in this case, and the defendant is entitled to reversal for such flagrant errors. Since our associate counsel, Mr. M. U. Mounger, has fully discussed this instruction, citing the authorities, we deem it unnecessary to say anything further concerning this vicious instruction.

*M. U. Mounger,* for appellant.

In the first place, I wish to call the attention of the court to a few of the errors in the instructions. Take instruction number three for the state. In this instruction, the court will note that the trial court told the jury: "In an assault with intent to commit rape, the force used may be only constructive; and the imposition of one hand upon the person of the female, though without intention to hurt is in legal contemplation, the use of force from which criminal intent is presumed. Here the jury are told that it is not necessary to prove the specific intent by facts and circumstances or by some direct evidence but the law will presume it from the fact of his having laid his hand on her. Of course it does not say this in these words but it means just this and nothing else and could not possibly mean anything else but just this. The attorneys for the prosecution were enabled by this instruction to argue to the jury, "You need not trouble yourselves about what defendant thought in his heart or really intended in his heart, the law relieves you of that trouble." You do not have to consider circumstances and evidence on this point, the law settles it all. "The imposition of one hand on the person of the female, though without intention to hurt is in legal contemplation the use of force from which a criminal intent is presumed." It is not, mind the court, "a crimiinal intent may be presumed," but it is "a criminal intent is presumed." It is not, may it please court, "the female in this case" but the "female," meaning that, not only in this case but in every case of this kind, the law relieves the jury of the trouble of deciding whether or not a man had in his heart criminal intent in a case where it is shown that he laid his hand on a female, even though it was without intent to hurt. It would seem that when the court gave this instruction that the court had in mind the idea that it could never be possible

for a man to lay his hand on the person of a woman without the criminal intent to rape her.

Defendant was not being tried for assault but assault with intent to forcibly ravish. See Statute Code 1906, sec. 1359. The specific intent is as much an ingredient of the offense as the assault. There can be no assault with intent to commit rape without the specific intent to ravish. See Am. & Eng. Ency. 1; (2 Ed.), Volt. 23, p. 865; *Head* v. *State,* 43 Neb. 30, N. W. 494; *Jones* v. *State,* 90 Ala. 24 Am. St. Rep., 850. Where it is decided that on a trial for an assault with intent to rape the evidence to be sufficient to convict must show such acts and conducts of the accused as leave no reasonable doubt of his intention to gratify his lustful desire against the consent of the female notwithstanding resistance on her part. May it please the court to examine the facts of this Alabama case as the facts were somewhat similar to the facts in the case at bar and the court held the facts in that case not sufficient to warrant a conviction. See cases cited at foot of page 852 of Am. St. Rep. Volt. 24, and among them *Green* v. *State,* 67 Miss. 356. See 2 Bishop on Criminal Law, 656. In assault with intent to rape even the assault must contain all the elements of a common assault. See 23 Am. & Eng. Enc. Law 864. Yet this instruction tells the jury that intention not to hurt would avail the defendant nothing. But the instruction goes on and assumes that Rebecca McDaniels is a woman of previous chaste character. It does not even leave that to the jury but settles that for them too. If there ever was a legal curiosity in the way of an instruction this is one. As to assuming disputed facts, See McWillie & Thompson, Digest, sec. 5649, and cases cited there.

*Car Fox,* Assistant Attorney-General, for appellee.

Several errors are argued in the briefs for appellant, none of which would be material, I think, if the evidence were strong against the appellant, except that the third

instruction granted for the state is erroneous. The jury were required to find intent to rape as a matter of fact, before they could convict under that instruction, and if a fault of this kind in an instruction could be cured, it would seem that the instruction for the defendant had that effect.

It is argued that there is no evidence to sustain a conviction. The prosecutrix had a number of witnesses who had known her all her life, and who testified that her reputation was good. There is a very sharp conflict about this. If she was a woman of good character, then the appellant was guilty of a most aggravated assault and battery, to say the least, upon her, for which there ought to be a very severe punishment.

I can find no answer, however, to the contention that there was no evidence upon which to base a verdict of intent to rape.

WHITFIELD, C.

The third instruction given for the state in this case is as follows: "The court charges the jury that, in an assault with intent to commit rape, the force used may be only constructive; and the imposition of one hand upon the person of the female, though without intent to hurt, is, in legal contemplation, the use of force, from which a criminal intent is presumed. Now, if the jury believe from the evidence beyond a reasonable doubt that Will Corley imposed his hand on the person of Rebecca McDaniel, being a female of previous chaste character, against her will, with the intent to forcibly ravish her, and if the jury so believes beyond a reasonable doubt, then it is your duty to find the defendant guilty." It is palpably erroneous; but the serious trouble in this case, lying at its very threshold, is that there is not a particle of evidence in the case warranting a verdict of

intent to rape.   The testimony of the prosecutrix herself is utterly insufficient on this point.

*Reversed and remanded.*

PER CURIAM.   The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the judgment is reversed and the cause remanded.